UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-22123-CIV-JORDAN/O'SULLIVAN

**CARRIE STIGLICH**

    **Plaintiff,**

**v.**

**BANKERS LIFE AND CASUALTY COMPANY,**

    **Defendant.**
_____/

### ORDER

THIS MATTER is before the Court on the Plaintiff's Motion for Remand and Memorandum of Law in Support Thereof (DE# 11, 7/12/11) and Bankers Life and Casualty Company's Motion for Transfer of Venue and Incorporated Memorandum of Law in Support (DE10, 7/11/11). The parties consented to have the undersigned decide motions for remand and all pre-trial motions (except, in pertinent part, motions to dismiss, motions for judgment on the pleadings, and motions for summary judgment). See Joint Consent to Jurisdiction by a United States Magistrate Judge (DE# 13, 8/4/11). Thereafter, this matter was referred to the undersigned by the Honorable Adalberto Jordan in accordance with 28 U.S.C. § 636(b). See Order Referring Motions to Magistrate Judge O'Sullivan (DE# 19, 8/26/11). For the reasons discussed below, it is

ORDERED AND ADJUDGED that the Plaintiff's Motion for Remand and Memorandum of Law in Support Thereof (DE# 11, 7/12/11) is GRANTED for lack of federal jurisdiction and the Clerk of Court shall dismiss this action and return the cause to the appropriate state court for all further proceedings. It is further

ORDERED AND ADJUDGED that Bankers Life and Casualty Company's Motion for Transfer of Venue and Incorporated Memorandum of Law in Support (DE10, 7/11/11) is DENIED as moot.

## BACKGROUND

On or about May 11, 2011, the plaintiff filed an action in state court against the defendant for breach of insurance contract. See Complaint for Damages attached to the Notice of Removal (DE# 1-2, 6/13/11). On June 13, 2011, the defendant filed a timely notice of removal based on diversity jurisdiction and the case was removed to this Court. See Notice of Removal (DE# 1).

On July 11, 2011, the defendant filed a motion to transfer venue that sought to transfer the action to the Middle District of Florida. The plaintiff did not file any response.

On July 17, 2011, the plaintiff filed the instant motion seeking to remand this case to state court. See Plaintiff's Motion for Remand and Memorandum of Law in Support Thereof (DE# 11, 7/12/11). The defendant filed its response in opposition on 7/26/11. See Banker's Life and Casualty Company's Response in Opposition to Plaintiff's Motion to Remand (DE# 12, 7/26/11). The plaintiff did not file a reply, but filed Plaintiff's Notice of Filing Supplemental Authority in Support of Plaintiff's Pending Motion for Remand. (DE# 15, 8/25/11).

## ANALYSIS

The plaintiff seeks remand on the ground that the minimum amount in controversy requirement for diversity jurisdiction (i.e. $75,000) is not met, the removal is

improper and the case should be remanded to state court.  The defendant concedes that removal is based on diversity of citizenship jurisdiction.  The defendant argues that the amount in controversy is met because the Policy Schedule reflects that the "plaintiff would be entitled to recover up to the remaining balance of the maximum benefit to be paid during any one period of expense under the Policy - $71,233." Response at 4 (DE# 12, 7/26/11). The defendant further contends that the attorneys fees sought by the plaintiff plus the balance of the Policy would "clearly exceed[ ] $75,000 ...." Id. at 4-5 (DE# 12, 7/26/11).

     Federal jurisdiction based on diversity of citizenship exists where there is both complete diversity of citizenship and an amount in controversy exceeding $75,000.00. See 28 U.S.C. § 1332. "A court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later." Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 751 (11th Cir. 2010).  In its response which cites Pretka, the defendant acknowledges that the amount in controversy is measured at the time of removal.  Response at 2 (DE# 12, 7/26/11).   The party seeking removal has the burden to prove by a preponderance of the evidence that federal jurisdiction exists. Leonard v. Enterprise Rent A Car, 279 F.3d 967, 972 (11th Cir. 2002).  Although the removing party bears the burden of proving both diversity of citizenship and the amount in controversy, this Court is required to examine proof of the amount in controversy from the perspective of the plaintiff and not from the perspective of the defendant. Ericsson GE Mobile Comm., Inc. v. Motorola Comm. & Elec., Inc., 120 F.3d 216, 219 (11th Cir. 1997) (holding that the Eleventh Circuit has adopted the plaintiff-viewpoint rule in determining amount in controversy); cf. Roe v. Michelin North America, Inc., 613

3

F.3d 1058, 1063 (11th Cir. 2010) (explaining that the Eleventh Circuit "ha[s] found no case in any other circuit that purports to prohibit a district court from employing its judicial experience or common sense in discerning whether the allegations in a complaint [, which lacks a specified damage request,] facially establish the jurisdictionally required amount in controversy.").

The plaintiff's right to choose his forum carries more weight than a defendant's right to remove. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994) Burns, 31 F.3d at 1095.  "Defendant's right to remove and plaintiff's right to choose his forum are not on equal footing; ... removal statutes are construed narrowly; ... uncertainties are resolved in favor of remand." Id. (citations omitted). The Eleventh Circuit recognizes that federal courts are directed to construe removal statues strictly and to resolve all doubts about jurisdiction in favor of remand to state court.  Univ. of S. Ala. v. Am. Tobacco, 168 F.3d 405, 411 (11th Cir. 1999)(citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 107-09 (1941)).

1.      **Diversity of Citizenship**

In the instant case, it is undisputed that the first requirement for jurisdiction is met. Diversity exists between the parties because the plaintiff is a Florida resident and the defendant is an Illinois corporation. See Notice of Removal (DE# 1, 6/13/11). The only question remaining before the Court is whether the defendant has met its burden in establishing that the amount in controversy is sufficient to create federal jurisdiction over the lawsuit.

**2.      Amount in Controversy**

In ruling on a motion to remand, the Court looks to the complaint in determining whether the case could have been filed in federal court in the first place. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). Where, as in this case, the allegations of the plaintiff's complaint do not adequately allege the amount in controversy, the Court may look to the petition for removal. Wright v. Continental Casualty Co., 456 F. Supp. 1075, 1077 (M.D. Fla. 1978) (citing Davenport v. Procter & Gamble Mfg. Co., 241 F.2d 511, 514 (2d Cir. 1957)). Beyond looking to the petition for removal, the Court may also review the record to find evidence or require from the parties evidence relevant to the amount in controversy at the time the case was removed. Id. at 1319-20.

Here, the defendant asserts that the amount in controversy is satisfied because the maximum benefit amount of the policy for any one period of expense is $73,000. The defendant has already paid out $1,777.00 and thus, "the remaining balance for this period of expense is $71,223.00." Notice of Removal (DE# 1 at ¶ 13, 6/13/11). In Sinclair v. State Farm Mut. Auto. Ins. Co., No. 2:11-cv-320-FTM-29SPC, 2011 WL 2746823, at *2 (M.D. Fla. Jul. 14, 2011), the court rejected this method of calculating the amount in controversy where, as here, the complaint is not seeking the policy limits. The court in Sinclair noted that:

> the amount in controversy is not the face value of the policy, only those damages actually incurred at the time of filing or removal are relevant. . . The argument that the expenses will include future medical expenses, past wage loss, future wage loss, and pain and suffering is also irrelevant to the inquiry of whether the amount in controversy was adequate at the time of removal.

Id. (citations omitted); see Travelers Ins. Co. v. Greenfield, 154 F.2d 950, 952 (5th Cir. 1946)[1] ( "The allegations attempting to measure the amount in controversy by the disability payments during the life expectancy of the Insured, plus reserve which it is alleged the Company must set aside, plus the amount of premiums to be waived in the future, in the absence of an attempt by the Insurer to cancel the policy, are insufficient to show a present, or actual, controversy involving an amount in excess of $3,000.") "'[W]here the insured does not seek to recover the maximum under the policy, the court cannot rely exclusively on the policy limit as the measure of the amount in controversy.'" See, Warth v. State Farm Fire & Casualty Co., 792 F. Supp. 101, 103 (M.D. Fla. 1992)(quoting Allstate Ins. Co. v. Brown, 736 F. Supp. 705, 707 (W.D. Va. 1990)).

      The plaintiff's complaint requests an unspecified amount of monetary damages. See Complaint (DE# 1-2 at ¶¶ 1, 13, 6/13/11). Attached to the complaint is an Invoice numbered S000027763 from Emeritus Senior Living to the plaintiff dated February 24, 2011 in the total amount of $3,025.00 for March 1, 2011 through March 31, 2011. See Invoice (DE# 1-2, Ex. C, 6/13/11). The plaintiff states that adding subsequent charges, at most this amount totals $9,065.00. See Plaintiff's Motion for Remand and Memorandum of Law in Support Thereof at ¶ 3 (DE# 11, 7/12/11). The complaint also seeks to recover attorney's fees, costs, interest and the return of premiums. See Complaint (DE# 1-2 at ¶ 14, 6/13/11). The plaintiff states that as of the date of removal,

---

[1] In Bonner v. Prichard, 661 F.2d 1206 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the Fifth Circuit rendered prior to October 1, 1981.

June 13, 2011, the plaintiff's claim for attorney's fees did not exceed $10,000.00.[2] See Plaintiff's Motion for Remand and Memorandum of Law in Support Thereof at ¶ 4 (DE# 11, 7/12/11).  The amount in controversy in the instant case thus totals $19,065.00 ($9,065 plus $10,000) at the time of removal.

      The complaint also seeks the return of premiums. See Complaint (DE# 1-2, 6/13/11). The defendant states that to date the plaintiff has paid approximately $15,010.42 in premiums. See Response in Opposition to Plaintiff's Motion to Remand (DE# 12 at 5, 7/26/11) and Exhibit A thereto, Affidavit of Bankers Life and Casualty Company at ¶ 9 (DE# 12-1, 7/26/11). Thus, when taking premiums into account, the amount in controversy is $34,075.42 ($9,065 plus $10,000 plus $15,010.42), more than $40,000 less than the minimum required for jurisdiction. The plaintiff explains that she is not seeking the return of all premiums paid to the defendant. See Plaintiff's Motion for Remand (DE# 11 at 8 ¶ 21, 7/12/11). Rather, the plaintiff is seeking to enforce the "waiver of premium" clause which allows the insured to discontinue making premium payments when a covered expense has been incurred. Id. The plaintiff estimates that the amount of premiums she seeks to recover as of the time of removal is $200 to $300.[3]  Id. at 8-9  ¶ 22.  The plaintiff's explanation makes sense in that the plaintiff would not be entitled to recover benefits under the insurance contract and also recover

---

      [2] Reasonable attorney's fees may be taken into account in calculating the amount in controversy. See Cohen v. Office Depot, Inc., 204 F.3d 1069, 1079 (11th Cir. 2000).

      [3]Pursuant to the policy, the plaintiff may seek a return of premiums paid from the initiation of her claim, not from the initiation of her policy.  The first invoice is from March 2011. Thus, two to three months of premiums would be at stake between the time the claim was incurred and the time of removal.

all premiums paid under that contract. The amount in controversy in the instant case thus totals $19,365 ($9,065 plus $10,000 plus $300).

The defendant has failed to carry its burden of showing by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. As such, diversity jurisdiction has not been met.

DONE AND ORDERED in Chambers at Miami, Florida this <u>7th</u> day of November, 2011.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge Jordan
All Counsel of Record